FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 JUN -9 PM 1: 14
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JIMMY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 305-089 |
| | ) | |
| TIMOTHY C. WARD, B. DAWKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. (Doc. no. 1). He is *pro se* and seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP in the above-captioned matter be **DENIED**, that this case be **DISMISSED** without prejudice to Plaintiff's filing an amended complaint in his pending case, Griffin v. Ward, CV 305-083, and that this civil action be **CLOSED**.

I. **BACKGROUND**

Plaintiff signed and executed the instant complaint on May 10, 2005; it was filed with the Clerk on May 16, 2005. (Doc. no. 1, p. 9). Plaintiff alleges that he was wrongfully disciplined for going to the bathroom without permission during a drug treatment program at Johnson State Prison. (Id. at 8-9). According to Plaintiff, this disciplinary action led to his unfair dismissal from the drug treatment program. (Id. at 9). Also, when Plaintiff was

later "assaulted" by his cellmate, he was transferred to his present place of incarceration, and his appeal of the disciplinary action against him was never addressed.[1] (Id.). As relief, Plaintiff seeks $35,000.00 in monetary damages. (Id.). Of note, Plaintiff admits that he filed a suit in this Court against the same Defendants on May 4, 2005. (Id. at 3).

In fact, Plaintiff has another lawsuit pending before this Court, in which he has been provisionally granted leave to proceed IFP provided that he returns his prisoner trust fund account statement and written consent to the collection of fees. See Griffin v. Ward, CV 305-083, doc. no. 3 (S.D. Ga. May 17, 2005)(hereinafter "CV 305-083"). Plaintiff's complaint in CV 305-083 was signed and executed on May 3, 2005, and filed with the Clerk on May 9, 2005. CV 305-083, doc. no. 1, p. 9. Plaintiff alleges in CV 305-083 that he was unfairly "ordered not to speak" while participating in the drug treatment program at Johnson State Prison. CV 305-083, doc. no. 1, p. 8. He also alleges that he was later unfairly dismissed from the drug treatment program. Id. As relief in CV 305-083, Plaintiff seeks $35,000.00 in monetary damages. Id. at 9.

Although Plaintiff maintains that these two suits involve "different facts" and has named a single defendant in CV 305-083 that he does not list in the instant complaint, the Court is not persuaded that Plaintiff should be allowed to consume the resources of this Court may maintaining two suits against Defendants regarding essentially the same issue--his dismissal from a drug treatment program. (Doc. no. 1, p. 3).

## II.  DISCUSSION

The Court's power "to control its docket includes the inherent power to dismiss a

---

[1]Plaintiff makes no attempt to bring a claim related to this alleged assault.

2

case." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."). In particular, the Court has "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending" in federal court.[2] I.A. Durbin, Inc., v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551-52 (11th Cir. 1986); see also Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993). "A suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions." Durbin, 793 F.2d at 1551 (11th Cir. 1986).

Here, Plaintiff has brought two cases involving the same defendants,[3] concerning closely related facts, and seeking the same relief. The issue in both cases is the same: Plaintiff maintains that he was unfairly disciplined during his participation in an inmate drug

---

[2]Also of note, duplicative prisoner IFP suits like this one, which are subject to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), may simply be dismissed as frivolous. See McWilliams v. State of Colorado, 121 F.3d 573, 575 (10th Cir. 1997); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(explaining that former § 1915(d), the predecessor to modern § 1915(e)(2), is "aimed at the dismissal of 'frivolous, malicious, or *repetitive* lawsuits'" (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)(upholding dismissal of duplicative suit under former § 1915(d) as "malicious"); Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992).

[3]As noted, in CV 305-083 Plaintiff names one defendant (Defendant FNU Wilbon), who is not named in CV 305-089. All other parties are identical.

treatment program, resulting in his dismissal from the program. Simply put, it is clear that allowing both CV 305-083 and CV 305-089 to proceed independently would be inconsistent with the Court's obligation to administer its docket wisely and to conserve judicial resources. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976).

That having been said, the Court is not expressing any opinion as to the viability of Plaintiff's claims or barring him from bringing a meritorious claim. It is simply recommending the dismissal of the captioned matter so that he can bring his closely related claims and factual assertions within a single case. In other words, if Plaintiff wishes to add relevant factual allegations or related claims to his pending case in CV 305-083, the appropriate means to do so is by filing an amended complaint in CV 305-083, not by attempting to file an entirely new lawsuit. See Fed. R. Civ. P. 15(a).

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP (doc. no. 2) be **DENIED**, that this case be **DISMISSED** without prejudice to Plaintiff's filing an amended complaint in his pending case, Griffin v. Ward, CV 305-083, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Jimmy Griffin, Pro-se

CASE NO: CV305-089

DATE SERVED: June 9, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate